## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| CURTIS ZAUN, | File No. 11-cv-2024 (PAM/TNL) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| AL VENTO INCORPORATED, | |
| Defendant. | |

Thomas J. Lyons, Lyons Law Firm, P.A., 367 Commerce Court, Vadnais Heights, MN 55127, and Thomas J. Lyons, Jr., Consumer Justice Center P.A., 367 Commerce Court, Vadnais Heights, MN 55127 (for Plaintiff); and

Jason A. Lien and Martin S. Fallon, Maslon Edelman Borman & Brand, LLP, 90 South 7th Street, Suite 3300, Minneapolis, MN 55402 (for Defendant).

## I.  INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff Curtis Zaun's Motion for Final Approval of Class Action Settlement and the Plaintiff's Representative Award (Docket No. 41).  This action has been referred to the undersigned magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and D. Minn. LR 72.2(b).  (Docket No. 52.)  A hearing was held on December 20, 2012.  Thomas J. Lyons appeared on behalf of Plaintiff and Jason A. Lien appeared on behalf of Defendant.  For the reasons herein, **IT IS HEREBY RECOMMENDED** that the Court enter the proposed Final Approval Order as set forth below.

## II.  BACKGROUND

Plaintiff Curtis Zaun filed this lawsuit alleging that a credit-card receipt he received at Defendant Al Vento Incorporated contained the unredacted expiration date of his credit card, in violation of the Fair Credit Reporting Act ("FCRA") and Fair and Accurate Credit Transactions Act ("FACTA").  Plaintiff filed the action as a putative class action.

The Honorable Paul A. Magnuson, District Judge for the United States District Court for the District of Minnesota, preliminarily approved the parties' settlement, including certification of a settlement class, on October 1, 2012 (Docket No. 40). Plaintiff now seeks final approval of the settlement and a class representative award of $5,000.  Under the settlement, class members will receive a $12.50 voucher toward the purchase of food at Al Vento, good for four months after the entry of final judgment.  In addition, Al Vento will make a *cy pres* donation of $10,000 worth of goods and services to Second Harvest Heartland within two years after entry of final judgment.

## III.  FINAL CLASS ACTION SETTLEMENT APPROVAL

### A.  Approval of Settlement

Approval of a class action settlement under Federal Rule of Civil Procedure 23(e) is a two-step process; first, the Court must enter a preliminary approval order, and second, after providing notice of the proposed settlement to the class and a final fairness hearing is conducted, the Court must enter a final approval order.

The Court analyzes "four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005). "The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is [the first factor.]" *Id.* at 933 (citation omitted).

Given that no customer suffered any actual damages as a result of Al Vento's technical violation of FACTA, the settlement is favorable for Plaintiffs. No class members have excluded themselves from the settlement or objected in any way. Thus, the four-factor test weighs in favor of the settlement.

**B.    Notice**

Rule 23(e)(1) requires that any notice of proposed settlement be directed in a reasonable manner to all class members who would be bound. Additionally, "the notice must be reasonably [calculated] to convey the required information and it must afford a reasonable time for those interested to make their appearance." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975) (internal quotation marks and citation omitted).

Class members received adequate and timely notice of the settlement. The settlement administrator sent notices to all e-mail addresses in Al Vento's e-mail list, a total of 5,620 individuals. Notice was also posted in Al Vento's entryway, and published in CityPages for 4 weeks. The notice was adequate and timely.

## C.    Class Representative Award

Plaintiff seeks a class representative award of $5,000. The Court notes that Plaintiff has filed no fewer than six similar lawsuits in this District since 2010. Given Plaintiff's experience with filing lawsuits, these proceedings were not onerous for him. A class representative award of $5,000 is therefore excessive. The Court recommends that Plaintiff receive $1,000 as a class representative award.

## IV.  OBJECTIONS

Ordinarily, pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. In this case, the parties have agreed to waive any objections to this Report and Recommendation. This waiver does not, however, apply to waive any rights the parties may have with respect to the pending Motion for Attorney's Fees and Costs (Docket No. 47), which is not at issue in this Report and Recommendation.

[Continued on next page.]

# V. RECOMMENDATION

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.     The Court enter the proposed Final Approval Order with the changes noted

       above; and

2.     The Court enter judgment in accordance with the terms of the Final

       Approval Order.

Date:  January   17th   , 2013                              _s/ Tony N. Leung_
                                                      Tony N. Leung
                                                      United States Magistrate Judge
                                                      for the District of Minnesota


                                                      *Zaun v. Al Vento Inc.*
                                                      File No. 11-cv-2024 (PAM/TNL)