UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Curtis Zaun,                                                    Civil No. 11-2024 (PAM/TNL)

            Plaintiff,

v.                                                 **MEMORANDUM AND ORDER**

Al Vento Incorporated,

            Defendant.

---

This matter is before the Court on Plaintiff's Motion for Attorney's Fees and Costs. For the reasons that follow, the Motion is granted in part and denied in part.

**BACKGROUND**

This case is a Fair Credit Reporting Act ("FCRA") and Fair and Accurate Credit Transactions Act ("FACTA") putative class action. Plaintiff Curtis Zaun alleged that he paid with a credit card for his meal at Defendant Al Vento, a restaurant in Minneapolis, and that he was given a receipt that contained the expiration date of his credit card, which is a violation of the FCRA and FACTA. This seems to happen to Zaun fairly often, as evidenced by five similar lawsuits he has filed in this District in the last several years: Zaun v. J.S.H. Inc. of Fairbault, 10-2190 (DWF/JJK); Zaun v. Tuttle, Inc., 10-2191 (DWF/JJK); Zaun v. Len Druskin, Inc., 10-3030 (DWF/JJK); Zaun v. Monte Carlo Restaurant, Inc., 10-4693 (JSM); and Zaun v. Kladek, Inc., 11-169 (DWF/FLN). Zaun concedes in this case that no consumer suffered actual damages as a result of Al Vento's alleged statutory violation.

**DISCUSSION**

Zaun and his counsel request a lump-sum award of $50,000 for attorney's fees and costs, pointing out that FACTA requires an award of reasonable attorney's fees and costs for successful plaintiffs. 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2). Al Vento has not objected to the Motion or to the amount requested.

Zaun contends that $50,000 is fair and reasonable in light of fifteen months of hard-fought litigation. While it is true that there was a fully briefed Motion to Dismiss in this case, that Motion was necessary only because counsel omitted to allege that the FACTA violation was willful, something that was required in light of the fact that there were no actual damages suffered. 15 U.S.C. § 1681n. And instead of immediately seeking to amend the Complaint in light of this glaring deficiency, Zaun waited for five days after filing his own response to the Motion to Dismiss to even bring a motion to amend the Complaint to correct the error. Thus, any attorney hours expended on the Motion to Dismiss were due to counsel's own lack of diligence and should not be fully compensated.

Moreover, this litigation was not hard fought for 15 months. Settlement discussions began in February 2012, and there was no dispute that a FACTA violation occurred. Indeed, the case fully settled only eight months after Al Vento answered the Amended Complaint.

Further, the "lodestar" Plaintiff claims is egregiously inflated. According to attorney Tommy Lyons, Jr.'s affidavit, attorney Thomas J. Lyons, Sr., spent nearly 77 hours on the case at $450 an hour; Mr. Lyons, Jr., himself spent 17 hours before he was reinstated (at $150 per hour) and nearly 58 hours after he was reinstated, at $400 per hour. The total amount of

time these two attorneys billed to this simple and straightforward case was 152 hours. In the Court's opinion, that is far and above the amount of time this case warranted.

For example, Mr. Lyons, Sr., billed nearly two hours to edit the complaint that Mr. Lyons, Jr., had already billed two hours to draft, and in "gathering the many exhibits." The Complaint was 12 pages of boilerplate language. In fact, the Complaint is nearly identical to the one submitted in Zaun v. Tuttle, 10-2191 (DWF/JJK), aside from a few restaurant-specific paragraphs and some paragraphs describing the exhibits attached to the Al Vento Complaint that were not attached in Tuttle. There are a total of nine exhibits attached to the Complaint, including two trade publications that mention FACTA and news releases about FACTA. All of these exhibits were clearly items the attorneys had in their files. It should not have taken two hours of billable time to "gather" those exhibits. A few days later, Mr. Lyons, Sr., again spent almost two hours to "draft[] and edit[] the complaint and the many exhibits." But the Complaint was already drafted in May of 2010 in the Tuttle case. It should not have taken four hours to add a few restaurant-specific paragraphs to that document.

On July 13, 2011, Mr. Lyons, Jr., spent 3.71 hours on "file review/meeting with client/research on defendant - then defining the class and layout class definition . . . ." But the class definition here (Compl. ¶ 20) is identical to that in Tuttle, except that here the class is restricted to "[a]ll persons in Minnesota" and in Tuttle it was open to "[a]ll persons in the United States . . . ." (Tuttle Compl. ¶ 17.) Drafting this class definition did not take nearly four hours. Moreover, these attorneys were compensated for their work in Tuttle. (Tuttle

Docket No. 113.) The bills in this case often constitute at least double-billing for the same work.

Other examples abound. Counsel billed 2.3 hours on November 22, 2011, for a Rule 16 pretrial conference before Magistrate Judge Franklin L. Noel. The minutes from that court proceeding (Docket No. 11) reflect that the pretrial conference lasted 15 minutes. Even including travel time from counsel's office in Vadnais Heights to Minneapolis, this entire proceeding should have taken no more than 1.5 hours of attorney time. A similar over-billing is found in January 2012, when counsel billed 2.46 hours for Magistrate Judge Noel's hearing on the motion to amend the complaint. Again, the minutes (Docket No. 22) reflect that the hearing lasted 21 minutes.

Another example is the amount of time billed to settlement motion practice. Although settlement of a putative class action certainly requires more attorney time than the typical case, here the attorneys and their paralegal egregiously overbilled for the work performed. On September 5, 2012, for example, Mr. Lyons, Sr., billed 3.35 hours on editing the exhibits attached to the motion for preliminary approval of the settlement. But two of the three exhibits submitted to the Court were curriculum vitae for himself and Mr. Lyons, Jr., documents that counsel presumably maintains in the regular course of business. The other exhibit is the admittedly lengthy settlement agreement, but that document should have been finalized long before counsel brought the motion for preliminary approval. And on September 19, the paralegal spent 6.6 hours on drafting the preliminary approval memorandum, notice, motion, and exhibits, while the next day both Mr. Lyons, Sr., and Mr.

Lyons, Jr., billed 3.83 and 3.44 hours, respectively, to the same tasks. In total, these four time entries reflect more than 17 hours to draft a memorandum that is, aside from some factual differences, identical to that filed in the <u>Tuttle</u> case discussed above.[1] The legal arguments in the two memoranda are word-for-word identical, establishing that no further research was required to draft the memorandum in this case. The Court does not criticize the use of previous legal arguments in identically situated memoranda; the problem lies in attempting to recover full attorney time for drafting memoranda that so clearly were not drafted for this case. Counsel's billing practices do not inspire confidence in the remainder of the time billed to this matter.

The Court also notes that, while Plaintiff's initial submissions in this case claimed a class of more than 32,000 individuals, the final settlement approval papers state that the class is, instead, comprised of 77 individuals. Even if every individual takes advantage of the voucher Al Vento is providing as part of the settlement, the total recovery in this case is less than $1,000. Thus, counsel's requested fee award is 50 times the recovery secured, a multiplier that has no possible legal basis.

Finally, the Court must consider that this case, and cases like this one, do not serve the public interest in any way. They do not address any wrong or make anyone whole, because no consumer has or can suffer any actual damages from this particular violation of the statute. These cases exist only to generate attorney's fees. That consideration also

---

[1] Counsel spent a total of 48.47 hours on settlement matters in this case.

warrants reducing the attorney's fees award in this case.

The Court has thoroughly reviewed the bills submitted in support of this Motion and determines that the amount requested should be reduced by 75%. This reflects not only the over-billing and double-billing noted above, but other examples too numerous to name here, and the fact that the hourly rate requested for both attorneys in this matter is far too high.

Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED that** the Motion for Attorney's Fees (Docket No. 47) is **GRANTED in part** and **DENIED in part**, and Plaintiff's counsel is entitled to a lump-sum payment of $12,500 for the fees and costs expended in this case.

Dated:   January 24, 2013

      *s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge